

**U.S. Department of Justice**
*S. Amanda Marshall*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Suite 600*      *Main:  (503) 727-1000*
*Portland, OR 97204-2902*                    *Fax:  (503) 727-1117*

*Johnathan S. Haub*                                                    *John.Haub@usdoj.gov*
*Assistant U.S. Attorney*                                                    *(503) 727-1032*

November 21, 2013

Gerald M. Needham
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, OR  97204

    Re:    *United States v. Nicholas Alexakis*
          Case No. 3:12-CR-00594-MO
          Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees to plead guilty to Count One of the Indictment, which charges the crime of Possession With Intent to Distribute Methamphetamine in violation of Title 21, United States Code, Section 841(a)(1).  The government will move to strike the language which alleges a mandatory minimum enhancement for an offense involving 500 grams or more of a mixture or substance containing methamphetamine.

3.    **Penalties**:  The maximum sentence is twenty years' imprisonment, a fine of up to $1,000,000, three years of supervised release, and a $100 fee assessment.

4.    **Dismissal/No Prosecution**:  The USAO further agrees to seek dismissal of the forfeiture allegation in the Indictment, and agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.    **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, and then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a).  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Mr. Gerald M. Needham
Re: Plea Offer-- *United States v. Nicholas Alexakis*
Page 2

6.      **Relevant Conduct**:  The parties agree that the base offense level pursuant to USSG 2D1.1(c)(7) is level 32 because the offense involves more than 50 grams of actual methamphetamine.  The parties agree that no other adjustments apply.

7.      **Acceptance of Responsibility**:  Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG §3E1.1 for his unlawful conduct in this case.  If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level.  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG §3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG §3E1.1.

8.      **Sentencing Recommendation**:  The government will recommend a low-end guideline sentence, so long as defendant demonstrates an acceptance of responsibility as explained above.  Defendant is free to seek any lawful sentence.  The parties will also recommend a sentence of three years supervised release, and a $100 fee assessment.

9.      **Waiver of Appeal/Post-Conviction Relief**:  Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range.  Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

10.     **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

11.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement,
the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12.     **Abandonment Terms and Forfeiture** :  By signing this agreement, defendant hereby voluntarily abandons all right, title and interest to a taser and all contraband drug paraphernalia seized during this prosecution.

/ / /

/ / /

Mr. Gerald M. Needham
Re: Plea Offer-- *United States v. Nicholas Alexakis*
Page 3

13.    **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14.    **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

15.    **Memorialization of Agreement**:  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign, and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

S. AMANDA MARSHALL
United States Attorney

JOHNATHAN S. HAUB
Assistant United States Attorney

cc:  Officer Tatro, Portland Police Bureau

Mr. Gerald M. Needham
Re: Plea Offer-- *United States v. Nicholas Alexakis*
Page 4

## Certification of Defendant and Counsel

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

_12 - 19 -_ 2013
Date

_____
NICHOLAS ALEXAKIS, Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

_12 - 19_ 2013
Date

_____
GERALD M. NEEDHAM, Attorney for Defendant